In the Matter of the Appraisal for Taxation of the Remainder Interest in a Trust Fund Passing under hte Will of CHARLES DENSTON DICKEY, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; CHARLES D. DICKEY, as Executor, etc., Respondent.

(*Supreme Court, Appellate Division, Second Department, July* 28, 1916.)

TAX—TRANSFER TAX ON DECEDENT'S ESTATE—TAXATION ON REMAINDER PAID TO OWNER OF PRECEDENT ESTATE PREVIOUSLY TAXED.

Where a testamentary trust for support and maintenance entitles the beneficiary to all accumulated balance of income on reaching the age of twenty-one years, and to the principal when she reached the age of twenty-five years, on the happening of the latter event the remainder should be taxed at its full undiminished value without diminution on account of any previous taxation imposed upon the precedent estate as provided in section 230 of the Tax Law.

Said section of the Tax Law applies not only where a precedent estate and a remainder vest in different persons, but also where they vest in the same person.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of Suffolk, entered in the office of said Surrogate's Court on the 19th day of April, 1915, fixing the taxable value of the remainder interest in the Townsend trust fund of $350,000 at the sum of $166,600 to be taxed at $1,666.

William H. Robbins, for the appellant.

George F. Canfield (Arthur B. Smith, with him on the brief), for the respondent.

PUTNAM, J.—By the will of the late Mr. Dickey, who died in August, 1897, $350,000 was given to trustees for the benefit of his granddaughter, Sophie Witherspoon Townsend. Until

she should be twenty-one, the trustees were to accumulate for her the unused income beyond that deemed necessary for her support. On reaching twenty-one, the trustees were to transfer to her all such accumulated balance. She was to have the income of this from the age of twenty-one up to twenty-five, and at the age of twenty-five she was to receive the principal. Miss Townsend has now reached the age of twenty-five and has become entitled to this remainder interest.

In December, 1897, her life interest on the basis of mortality tables was appraised for taxation at $183,400, and the tax paid thereon. The trustees urge that the value of the remainder is the difference, namely, $166,600, subject to a tax of one per cent. The Comptroller asks that the full capital sum of $350,000 be taxed, regardless of the prior appraisal and tax on the life estate. The surrogate rejected this contention and appraised the remainder at only $166,600. At the time of Mr. Dickey's death the legacy came under Laws of 1897, chapter 284, section 6, which amended section 230 of the Tax Law (Gen. Laws, chap. 24; Laws of 1896, chap. 908), to provide: " Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited." (Laws of 1897, vol. 1, p. 154.)

Had this estate in remainder passed to another beneficiary, such outside remainderman, on coming into possession thereof, would be taxed upon the full $350,000. (Matter of Mason, 120 App. Div. 738; affd. sub nom. Matter of Naylor, 189 N. Y. 556.)

In a parallel instance (Estate of Amos R. Eno, N. Y. L. J. April 25, 1913) Surrogate Cohalan held that the full tax on the trust fund, $500,000, was payable by the granddaughters

at arriving at the ages of twenty-five, although they had paid a prior tax on their life interest. (See Chrystie Inheritance Taxation, 820.)

This granddaughter had two taxable estates; (1) the estate in the income and its accumulations; (2) the estate in the capital fund of $350,000 upon reaching the age of twenty-five years.

We have never held that the fact that trustees under a will hold the principal, and pay over the income, changed the legal fact of a particular estate with a remainder limited thereon. This tax is not on property, but upon the right of succession or transfer.

A new estate in fee has now succeeded to a prior defeasible interest for the beneficiary's life up to the age of twenty-five. Although both interests successively vest in the same person, we cannot, by construction, undo what the Legislature so plainly has declared.

I, therefore, recommend that the order of the Surrogate's Court of Suffolk county be reversed, with costs, and the endowment interest of Sophie Witherspoon Townsend be valued at $350,000, with a tax thereon of $3,500.

JENKS, P. J., THOMAS, CARR and RICH, JJ., concurred.

Order of the Surrogate's Court of Suffolk county reversed, with costs, and the endowment interest of Sophie Witherspoon Townsend valued at $350,000, with a tax thereon of $3,500.